SALVADOR VIVÓ VILELLA, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1085. Submitted April 7, 1941.—Decided April 18, 1941.

*H. Torres Solá* and *F. J. Pérez Almiroty,* for appellant. The respondent registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Salvador Vivó Vilella, appellant herein, acquired through assignment from Pedro Antonio Alcover, a mortgage credit of $5,000, guaranteed by a mortgage on a rural property situated in the Ward Buenos Aires of Lares. This assignment was stated in a public deed executed on April 2, 1939, and recorded in the Registry of Property of Aguadilla on April 18, 1940.

In an action filed in the District Court of San Juan by the Insular Mercantile Co. against Alcover, an attachment of the mortgage credit which was recorded in the name of the defendant Alcover, was levied. The attachment was recorded in the Registry of Aguadilla on September 12, 1939, that is, after the date of the assignment made by Alcover to Vivó, but prior to the date of the record of said assignment.

On January 25, 1941, the appellant Vivó executed a deed of payment and cancellation of the mortgage credit. This deed was presented in the registry and the registrar denied its record, alleging the following:

"The record to which this document refers is hereby denied for the reason that the mortgage credit whose cancellation is requested

has been attached by the Insular Mercantile Co., entering in its stead cautionary notice for the legal term of 120 days at folio 237 of Vol. 81 of Lares, property No. 3534, triplicate, notice letter C.

"The document presented by the party in interest, alleging that the credit was assigned to Salvador Vivó Vilella through a deed executed prior to the date of the attachment sets forth a conflict of rights which should be settled by a competent court of justice and not by the registrar of property."

The appellant summarizes his alleged legal grounds in pro of the reversal of the ruling of the registrar as follows:

1. That the registrar was bound to make the record, because Article 71 of the Mortgage Law expressly authorizes the *alienation or encumbrance* of recorded real property or rights, without prejudice to the right of the person in whose favor the record was made, and does not provide any exception whatsoever which would cover the case when the notice of the attachment has been made in the interval between the dates of the execution of the act of alienation or encumbrance and that of its record in the registry.

2. That the preference of a real right which has not been recorded, over a recorded attachment, when the contract which gives rise to the real right was executed on a date prior to that of the entering of the attachment in the registry, is something upheld by the *stare decisis* in this jurisdiction.

3. That the attachment of a thing which does not belong to the defendant cannot prejudice the person who acquired the thing by public deed and prior to the attachment, and cannot include the reservation of rights established by Article 71 of the Mortgage Law in favor of those who should record an attachment before the date of the alienation.

The respondent registrar alleges in opposition:

1. That the cancellation of the mortgage sought would render null the right of the Insular Mercantile Co., the party who attached the mortgage credit, and that it would be unjust to settle the conflict of rights which arises from the facts of this case without giving the aforementioned attaching party the opportunity of being heard in defense of its right.

2. That the rule set down by this Court in *González* v. *Registrar*, 54 P.R.R. 320 and *Sierra* v. *Registrar*, 57 P.R.R. ____ does not uphold the contention of the appellant because the facts in those cases are basically different from those of the case at bar.

In *González* v. *Registrar, supra,* the deed of cancellation of the mortgage credit was executed on August 21, 1925, and the attachment of the mortgage credit was recorded on August 25, 1930. When the deed of cancellation was presented in 1938, the registrar denied its record alleging that the entry of the attachment could not be cancelled without the consent of the attaching creditor or a court order. It was held that where the attachment of a recorded mortgage credit is entered, a deed cancelling said credit—executed *prior* to the date in which the attachment was entered—should be recorded without prejudice to the rights which the attaching creditor may have. The difference between the aforesaid case and the present one is that here the deed cancelling the mortgage was executed *after* the attachment was recorded in the registry.

Is the difference which we have pointed out such a substantial one that it requires the application to the case at bar of a rule different from the one laid down in the *González* case? In our judgment, it is not. In the *González* case, when the attachment was entered on August 25, 1930, the mortgage credit which it sought to attach had been cancelled by public deed of August 21, 1925, which, according to the Civil Code, had effect against the attaching creditor from the very moment of its execution. In consequence, the attaching creditor attached nothing, since on the date when the attachment was levied, the obligation secured by mortgage was already extinguished. It is true that in the case at bar the obligation secured by mortgage was not extinguished until after the attachment had been entered in the registry, but it is no less true that when the attachment of the mortgage credit was performed on September 12, 1939, said credit

did no longer belong to the defendant debtor because he had assigned it to the appellant herein on April 2, 1939,—more than five months before the attachment was entered—from which date the deed of transfer had effect against the attaching creditor. The latter attached something belonging to a third person, and not to his debtor. The juridical situation of the attaching creditor is identical in both cases. See: *Banco* v. *Vidal,* 2 D.P.R. 231, 242; *Longpré et al.* v. *Wolff et al.,* 23 P.R.R. 13; *Bank of Porto Rico* v. *Solá & Son et al.,* 26 P.R.R. 57, and *Méndez* v. *De Choudens et al.,* 35 P.R.R. 516.

In the present case, the owner of the mortgaged property has the right to pay the principal of the loan and to exact the cancellation of the mortgage from the person who, according to the registry, appears as owner of the mortgage and against whom the attachment levied by the Insular Mercantile Co. could not, according to the run of decisions, have any force or legal effect, because it had been entered after the assignment of the credit made by the debtor of said company to a third party. The validity of the assignment, which was duly recorded, has not been attacked in any manner and said assignment must produce all its legal effects. And it seems logical to add, that if the mortgagor has the right to pay the loan to whoever appears to be mortgagee according to the registry, and to whom an attachment entered after the date when he acquired the mortgage credit cannot prejudice, should also have the right to have it appeared in the registry that the loan has been paid and that the mortgage which secured it has been cancelled. See: *Banco Territorial* v. *Vidal,* 2 D.P.R. 231; *La Sociedad E. de A. M.* v. *Rossy,* 17 P.R.R. 77.

We agree with the respondent registrar as to the fact that he is not authorized to cancel the entry of attachment made in favor of the Insular Mercantile Co. by the mere presentation of the deed cancelling the attachment mortgage credit. *People* v. *Registrar,* 44 P.R.R. 774; *Polanco* v. *Registrar,* 44 P.R.R. 806; *González* v. *Registrar, supra.*

For the aforesaid reasons the ruling appealed from is reversed and the respondent registrar is ordered to make the requested entry, without prejudice to the rights that the person in whose favor the attachment was made may have.